IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SCOTT JONES,

Petitioner,

vs.

MARGARITA PEREZ, Warden,

Respondent.

No. C 05-2573 JSW (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the Correctional Training Facility in Soledad, California, filed a habeas corpus petition ("Petition") pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms' ("BPT") denial of parole during parole suitability proceedings in 2004. This Court ordered Respondent to show cause why a writ should not issue. Respondent filed an answer, memorandum and exhibits in support thereof. Petitioner has not filed a traverse. For the reasons stated below, the petition is denied.

## BACKGROUND

Petitioner was convicted of second-degree murder in Ventura County Superior Court and was sentenced to fifteen years-to-life in state prison in 1989. In this habeas action, Petitioner does not challenge his conviction, but instead alleges that his due process rights were violated by the denial of parole during his third parole suitability hearing on February 2, 2004. Petitioner received a one-year denial of parole at that proceeding. Petitioner's minimum parole eligibility date was September 1, 2000.

At the February 2, 2004 hearing, Petitioner appeared with counsel before a BPT panel for a subsequent parole consideration hearing. At the hearing, the Board relied upon the California Court of Appeal's opinion dated March 21, 1991 regarding Petitioner's commitment offense. Petitioner testified that the statement was an accurate reflection of what happened, and the Court includes that summary here:

> On the night of the commitment offense, Petitioner had been drinking at a bar in Ventura, then went to a friend's house across the street where he played cards with his friend and other persons for a considerable period of time. Later that night, Petitioner and these individuals traveled to his home where they continued to play cards. At approximately 3:00 a.m. or 3:30 a.m., the victim, one of Petitioner's roommates, exited a room and asked Petitioner to "knock it off because he and his friends were too noisy." As a result, the party traveled back to Petitioner's friend's house. The victim, however, asked Petitioner to stay behind, which he did. A witness, another of Petitioner's roommates, then recalled the victim telling Petitioner "[t]hirty days and you're out of here." The witness then heard several gunshots and saw blood on the victim. By this time, Petitioner had already left his home. Petitioner had taken a bicycle from his neighbor's garage and was subsequently arrested riding it with a gun.

(*See*, Tr. of Subsequent Parole Consideration Hr'g Pet. ("Transcript") at 8:27-9:20). The BPT found that Petitioner was not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety. The presiding Commissioner explained that, in deciding to deny parole, the panel considered Petitioner's commitment offense, prior criminal and social history, his programming and behavior since commitment, including progress made and his parole plans.

Petitioner challenged the BPT's February 2, 2004 decision in the California Court of Appeal and the California Supreme Court. The California Court of Appeal issued the last reasoned opinion denying Petitioner's claims on March 21, 1991. After the Supreme Court of California summarily denied his final state habeas petition on June 10, 1991, Petitioner filed the instant federal petition for a writ of habeas corpus. The parties do not dispute that state judicial remedies were exhausted for the claims asserted in this petition.

## DISCUSSION

A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified

under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

B. Legal Claims and Analysis

Petitioner seeks federal habeas corpus relief from the BPT's February 2, 2004 decision finding him not suitable for parole, and denying him a subsequent hearing for one year, on the ground that the decision does not comport with due process. Petitioner claims that the BPT's decision is not supported by some evidence in the record having an

"indicia of reliability" that Petitioner is currently a threat or unreasonable risk to society. (*See* Petition at viii.) Petitioner also claims that the BPT possesses an "anti and/or no parole policy" that is systemically biased because it fails to provide uniform terms for offenders with crimes of similar gravity and magnitude and, therefore, it violates his state and federal constitutional rights. (*Id*. at 7.)

California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(b). In making this determination, the board considers various factors, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime. *See* 15 Cal. Code Regs. §§ 2402(b) – (d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole" which cannot be denied without adequate procedural due process protections. *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002). The determination does not depend on whether a parole release date has ever been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate." *Biggs v. Terhune*, 334 F.3d 910, 914-15 (9th Cir. 2003).

Petitioner's due process rights require that "some evidence" support the parole board's decision finding him unsuitable for parole. *Sass*, 461 F.3d at 1125 (holding that the "some evidence" standard for disciplinary hearings outlined in *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985), applies to parole decisions in § 2254 habeas petition); *Biggs*, 334 F.3d at 915 (same); *McQuillion*, 306 F.2d at 904 (same). The Ninth Circuit has recently clarified that "California courts have made clear that the 'findings that are

necessary to deem a prisoner unsuitable for parole' are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably endanger public safety." *Hayward v. Marshall,* 512 F.3d 536, 543 (9th Cir. 2008) (citations omitted) (quoting *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007)). The relevant criteria under which the BPT ordinarily determines whether a prisoner is too dangerous to be found suitable for parole are set forth in the California Code of Regulations at Cal. Code Regs. tit. 15, § 2402. *Id.* This Court must therefore determine whether the state court decision finding the BPT's decision was supported by "some evidence the parolee's release unreasonably endangers public safety." *Id.* (citation omitted.)

The "some evidence" standard is minimally stringent and ensures that "the record is not so devoid of evidence that the findings of [the BPT] were without support or otherwise arbitrary." *Hill*, 472 U.S. at 457. Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455-56 (quoted in *Sass*, 461 F.3d at 1128).

Due process also requires that the evidence underlying the parole board's decision have some indicia of reliability. *Biggs*, 334 F.3d at 915; *McQuillion*, 306 F.3d at 904. Relevant in this inquiry "is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board." *Morales v. California Dep't of Corrections*, 16 F.3d 1001, 1005 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 499 (1995). In sum, if the parole board's determination of parole unsuitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision. *Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005).

The record shows that the BPT panel afforded Petitioner and his counsel an opportunity to speak and present their case at the hearing, gave them time to review Petitioner's central file, allowed them to present relevant documents, and provided them

with a reasoned decision in denying parole. The panel concluded that Petitioner "is not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison." (Transcript at 52:10-13). The panel explained that it found that the commitment offense "was carried out in an especially violent and brutal manner," that the "victim was shot five times in the back at very close range," and the "offense was carried out in a callous manner which demonstrates an [sic] callous disregard for human life, and the motive for the crime is inexplicable and very trivial in relation to the offense." (*Id.* at 52:14-21.) The panel also found that Petitioner has "an escalating pattern of criminal conduct." (*Id.* at 53:20-21.) The panel further found that Petitioner has an "unstable social history . . . ." (*Id.*)

The panel commended Petitioner for all of the positive things he has done while in prison, including completing Vocational Screening and Process Printing in 1991, participating in Alcoholics Anonymous, participating in the second of a series of 45 education videos, recently enrolling in two additional classes from Coastline Community College, and already completing 15 units at that same college. (*Id*. at 54:10-20.)

The panel found that while Petitioner's behavior has "positive aspects," they "do not outweigh the factors of unsuitability." (*Id*. at 54:21-22.) In addition, the panel found that "[t]he prisoner needs to continue to participate in self-help in order to face, discuss, understand, and cope with stress in a nondestructive manner. Until progress is made, the prisoner continues to be unpredictable and a threat to others." (*Id*. at 54:6-10.) Moreover, the panel recommended that Petitioner "remain disciplinary-free and continue to participate in any self-help." (*Id*. at 54:22-24.)

The Ventura County Superior Court denied the Petition on October 15, 2004. (*See* Petition at 4.) The California Court of Appeal also denied the Petition on January 13, 2005, and the California Supreme Court denied Petitioner's Petition For Review on March 30, 2005. (*See id*.) The Superior Court's and Court of Appeal's rejection of Petitioner's due process claim was not contrary to, or an unreasonable application of, the

*Hill* standard, nor was it based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). The BPT's February 2, 2004 decision to deny Petitioner parole is supported by some evidence in the record and that evidence bears some indicia of reliability. *See, e.g., Rosas*, 428 F.3d at 1232-33 (upholding denial of parole based on gravity of offense and psychiatric reports); *Biggs*, 334 F.3d at 916 (upholding denial of parole based solely on gravity of offense and conduct prior to imprisonment); *Morales*, 16 F.3d at 1005 (upholding denial of parole based on criminal history, cruel nature of offense, and need for further psychiatric treatment). The inquiry under *Hill* is simply "whether there is *any* evidence in the record that could support the conclusion reached by the [BPT]." *Hill*, 474 U.S. at 455-56 (emphasis added).

In this case, the panel found that the crime was carried out in a callous manner which demonstrates a callous disregard for human life, and the motive for the crime is inexplicable and very trivial in relation to the offense. Petitioner was also found to have an unstable social history and prior criminality. Under California law, these are appropriate factors to consider in determining whether Petitioner poses an unreasonable risk to public safety. *See* 15 Cal. Code Regs. §§ 2402(c) & (d) (listing circumstances tending to show unsuitability for parole and circumstances tending to show suitability). Specifically, petitioner shot the victim five times in the back[1] over a dispute about an apartment rental. (Transcript at 52:15-17.) Petitioner was drunk at the time, and there was evidence that Petitioner had a long history of alcohol abuse since age 15; in addition, he had two prior arrests for driving under the influence of alcohol. (*Id*. at 23:24.) This amounted to "some evidence" in support of the BPT's decision that Petitioner, if released from prison, would pose an unreasonable risk of danger to public safety, including the risk that Petitioner would return to alcohol abuse and become violent again after his release. Therefore, the state courts' determination that there was some evidence to

[1]The victim also had contact wounds.

support the BPT's decision is not contrary to or an unreasonable application of established Supreme Court precedent.

The Ninth Circuit has noted that continued reliance on the unchanging factors of Petitioner's commitment offense and prior history will "at some point violate due process" unless the unchanging circumstances reliably establish that Petitioner presents an unreasonably public safety risk. *See Hayward*, 512 F.3d at 545 (citing *Irons*, 505 F.3d at 854). The Ninth Circuit has also stated, however, that "[u]nder AEDPA it is not our function to speculate about how future parole hearings could proceed." *Sass*, 461 F.3d at 1129. In any event, the concern raised in *Hayward* is not present in this case because Petitioner had not served in excess of his minimum term of fifteen years when the challenged parole denial took place. *Cf., e.g., Irons*, 479 F.3d at 661 (upholding reliance upon commitment offense to deny parole at fifth parole hearing after petitioner had served 16 years in prison, which was less than the minimum term); *Sass*, 461 F.3d at 1129 (same, for second and third parole hearings after petitioner had served 11 and 12 years in prison).

Petitioner further argues that the BPT possesses an "anti-parole policy" that is biased and violates his constitutional rights. Petitioner has set forth no evidentiary support for his bias claim. But even if he had, there is no evidence in the record indicating that this alleged bias affected the BPT's decision or served as the basis for denying Petitioner parole. To the contrary, the transcript from Petitioner's February 2, 2004 parole hearing demonstrates that he received an individualized assessment of his potential parole suitability. Petitioner's reliance on the high percentage of parole denials for life inmates provides no proof of the BPT's alleged bias against parole. *Cf. California Dept. of Corrections v. Morales*, 514 U.S. 499, 510-11 (1995) (citing that 90 percent of all California inmates are found unsuitable for parole as evidence that deferring annual parole suitability hearings was lawful and reasonable). The state courts' rejection of Petitioner's claims cannot be said to be objectively unreasonable. *See* 28

U.S.C. § 2254(d); *Williams*, 529 U.S. at 409.

Accordingly, Petitioner is not entitled to habeas relief.

**CONCLUSION**

For the reasons set forth above, the petition for a writ of habeas corpus is DENIED. The Clerk shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED: April 21, 2008

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JONES,

Plaintiff,

v.

PEREZ et al,

Defendant.

_______________________________________/

Case Number: CV05-02573 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Scott Jones E-40401
P.O. Box 689
G-Wing 319L
Soledad, CA 93960-0689

Dated: April 21, 2008

Jennifer Ottolini

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk